# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| William Lee Grant II,<br><br>     Plaintiff,<br><br>v.<br><br>Central Intelligence Agency and<br>Special Collection Service,<br><br>     Defendants. | Case No. 19-CV-2931 (ECT/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff William Lee Grant II's motion to proceed *in forma pauperis* ("IFP") without prepayment of filing fees [Doc. No. 2]. For reasons explained herein, the Court recommends dismissal of this action for failure to state a claim.

After review, this Court concludes that Grant qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the

1

factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). But although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level. . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As Grant acknowledges in his complaint, he is no stranger to federal court. Although, based on the allegations in his complaint, he appears to be a citizen of Illinois, he has commenced litigation against the federal government in courts across the country. (Complaint at 3–5 [Doc. No. 1]. For example, in 2017 the Northern District of Illinois catalogued Grant's attempts to file a complaint in six federal courts within the span of a year. *See Grant v. Kabaker et. al,* Case No. 17-cv-7902 (N.D. Ill. Nov. 16, 2017) [Doc. No. 6]. In late 2018, the Second Circuit Court of Appeals denied Grant leave to proceed IFP on appeal, noting that he had filed a number of frivolous matters and warning him that if his conduct continued he may be required to seek explicit permission from the Second Circuit prior to filing any future matters. *See Grant v. U.S. Dep't. of Treasury*, Case No. 18-2180 (8th Cir. Oct. 31, 2018) [Doc. No. 22]. A search for "William Lee Grant" in the PACER case locator system returns a startling 263 results. While it may be

that not every single case was filed by the same William Lee Grant who is attempting to file this lawsuit, it is not lost on the Court that a great many of those cases appear to concern similar subject matter.

In the present litigation, Grant continues to present claims of a similar nature to those raised in litigation around the country.  He essentially alleges that the United States Government created him and has used him as a pawn in various capacities for over 30 years.  His complaint does not clearly define the components of a cause of action against either named defendant—the Central Intelligence Agency or the Special Collection Service.  Interspersed throughout the complaint there are random pages from his filings with other courts.

Reviewing this complaint under the standards set forth in Section 1915(e)(2)(B)(ii), it does not pass muster.  No allegation clearly indicates how either named defendant took a discrete action that harmed Grant in a manner recognized by the law.  The undersigned therefore respectfully recommends that the complaint be dismissed for failure to state a claim.

Furthermore, because the undersigned cannot conceive of a way in which Grant could amend the complaint so as to allege a plausible cause of action, the undersigned recommends that the dismissal be with prejudice.  "Courts have interpreted 28 U.S.C. § 1915(e)(2)(B) as granting trial courts discretion to dismiss actions either with or without prejudice."  *Bonczek v. Board of Trustees Nat. Roofing Industry Pension Plan*, 2015 WL 1897837, *3 (D.Minn. 2015) (citing *Smith–Bey v. Hosp. Adm'r*, 841 F.2d 751, 756 (7th Cir. 1988); *Goodroad v. Bloomberg*, 1997 WL 633078, *1 (8th Cir. 1997)).

"The ultimate decision as to whether a Court should dismiss with or without prejudice turns on 'whether the deficiencies in the complaint could be cured by amendment. If the allegations show that an arguable claim is 'indisputably absent,' then the district court should dismiss the case with prejudice. . . .'" *Bonczek,* 2015 WL 1897837, *3 (quoting *Smith-Bey*, 841 F.2d at 758).  In general, the Eighth Circuit has indicated a preference for dismissals without prejudice in cases being reviewed under § 1915(e)(2)(B) because of the principle that the pleadings of a pro se plaintiff will be liberally construed.  *See, e.g., Martin–Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir.1982); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 218 & n. 3 (8th Cir.1975).  But here, as in *Smith-Bey*, *Goodroad*, and *Dixon v. Rybak*, 2006 WL 2945564 *1, *2 (D. Minn. 2006), the Court concludes that there is no conceivable way this complaint could be amended to state a plausible claim for relief.  The Court finds *Dixon* particularly applicable to this case because there, as here, the plaintiff had a history of filing similar complaints around the country, all of which had been dismissed.  *Id.*

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**, and the IFP application [Doc. No. 2] be **DENIED** as moot.

Dated: December 30, 2019                      s/ *Hildy Bowbeer*
                                                                    Hildy Bowbeer
                                                                    United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).